**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5279**

_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

JAMES JULIUS TAYLOR,

          Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Malcolm J. Howard,
Senior District Judge.  (7:10-cr-00039-H-1)

_____

Submitted:  August 24, 2011      Decided:  August 30, 2011

_____

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Julius Taylor pled guilty, pursuant to a written plea agreement, to possession with intent to distribute fifty grams or more of cocaine base, 21 U.S.C. § 841(a)(1) (2006) (Count One), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (2006) (Count Two). Taylor was sentenced to 120 months in prison on Count One, and sixty months on Count Two. The sentences run consecutively. Taylor now appeals, contending that the district court erred when it failed to apply the provisions of the Fair Sentencing Act of 2010 (FSA) when imposing sentence. The United States requests that the sentence be vacated and the matter remanded for resentencing on Count One in conformity with the FSA.

Based on our consideration of the materials before the court, we vacate the criminal judgment and remand this case to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant like Taylor, whose offenses were committed prior to April 3, 2010, the effective date of the FSA, but who was sentenced after that date. We leave that determination in the first instance to the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED